UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BARBARA ROLDAN,

                    Plaintiff,                                    Case No. 17CV1788

            -against-                                            CONSENT STIPULATION

WELL STATED STUDIOS, INC., DUANE OWNERS INC.
and DUANE VENTURES, INC.,

                    Defendants.

      WHEREAS, Plaintiff BARBARA ROLDAN ("Plaintiff") filed a complaint in the above-captioned action against defendants WELL STATED STUDIOS, INC. (the "Clothing Store") DUANE OWNERS INC. (with the action against Duane Owners Inc. having been dismissed) and DUANE VENTURES, INC. ("Landlord";) (the Clothing Store and the Landlord being hereinafter collectively designated as "Defendants", the Plaintiff and the Defendants as the "Parties" and each a "Party"), alleging *inter alia,* certain purported violations of the Americans with Disabilities Act, 42 U.S.C 12181, and related claims arising under New York State Executive Law, the New York City Human Rights Law, and the New York Civil Rights Law, and seeking certain forms of relief thereunder (the "Action"); and

      WHEREAS, the claims alleged herein by Plaintiff arise in connection with the premises known as 123 W. Broadway, New York, New York; and

      WHEREAS, Defendants have denied all allegations that they have violated any laws, statutes, rules, regulations or ordinances; and

      WHEREAS, the parties desire to settle the Action, without an admission of liability, on the terms and conditions set forth herein; it is therefore

Execution Copy 10/3/17

**STIPULATED, CONSENTED AND AGREED**, that the Action shall be settled as follows:

1.     <u>Remedial Measures</u>.

Landlord hereby agrees to install a permanent ramp which would allow Plaintiff and other wheelchair bound patrons to enter the Clothing Store. Said ramp will be compliant, to the extent possible, in accordance with the draft architectural renderings, collectively annexed hereto as Exhibit A and designated as the "Plans". In the event any governmental agency requires any revisions to the Plans which do not prohibit the installation of a permanent ramp of any nature, the proposed ramp may be modified to any lesser extent which does not create a dangerous condition and such required revisions shall not relieve the Landlord of its obligations herein. Notwithstanding the foregoing, in the event any governmental agency refuses to allow a ramp of any nature unless the slope of such ramp is required to be steeper than 1:8 and/or such ramp is prohibited from being equipped with handrails of any nature, than Landlord shall be relieved of its obligation to install a permanent ramp.

The ramp shall otherwise be compliant with the accessibility requirements set forth in Section 405 of the 2010 ADA Standards for Accessible Design. The installation of the said ramp shall be completed within fifteen months of the date this Stipulation is filed with the Southern District Court (the "Start Date"). The time period for the installation of said ramp shall be subject to events beyond the control of Landlord, such as delay in obtaining approved building or zoning permits (application for which shall be filed no later than 30 days from the Start Date), failure of the any government inspectors to make inspections, contractor defaults, work stoppages or slow-downs due to labor-related disputes or weather conditions which prevent work from going forward,

acts of God, *force majeure*, acts of war or terrorism, and the like. In the event of such unforeseen circumstances, it is agreed that upon a showing of diligent efforts to comply with the terms of this Stipulation, the Landlord may request from Plaintiff's counsel an extension of time to complete the said installation, which consent shall not be unreasonably withheld.   Within 30 days of the installation of the ramp, the attorneys for the Landlord shall notify Plaintiff's counsel and shall furnish photograph(s) of the completed ramp.

2.      Monetary Consideration.

The Defendants will cause to be paid to Plaintiff, to the order of and through her attorney, Donald J. Weiss, the sum of Ten Thousand Five Hundred Dollars ($10,500.00) (hereinafter, the "Settlement Payment"). The Settlement Payment includes any and all monetary claims against Defendants for damages, legal fees, expert fees, costs, and any and all actual or potential fees, costs, and expenses incurred in connection with the Action. The Settlement Payment shall be delivered to Plaintiff's attorney within 30 days of delivery of Plaintiff's signed copy of this Stipulation to Defendants' attorneys.

3.      Release.

In consideration of the Defendants' obligations under this Stipulation, the Plaintiff on behalf of herself, her heirs, executors, beneficiaries, trustees, administrators, representatives, successors and assigns ("Releasor") hereby remises, releases, acquits, satisfies, and discharges Defendants, their parents, subsidiaries and affiliates, and their current and/or former officers, directors, members, shareholders, employees, attorneys, trustees, administrators, representatives, successors and assigns ("Releasees") from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies,

3

agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, equity, or admiralty, which the Releasor ever had, now has or hereafter can, shall or may have against the Releasees from the beginning of the world up to the date of this Stipulation with respect to all claims made, or which could have been made, in the Action.

4.    Withdrawal of Action.

Upon execution of this Stipulation, Plaintiff's counsel shall file a stipulation of dismissal in the form attached hereto as Exhibit B.

5.    No Admission of Liability.

Nothing in this Stipulation shall constitute or be deemed to constitute an admission of fault, wrongdoing or liability on the part of Defendants.  Defendants acknowledge, without conceding, any infirmity in their defenses, that they are entering into this Stipulation solely in order to settle this dispute and to avoid the further expense and inconvenience of litigation.  Plaintiff acknowledges that nothing herein is to be construed as an admission of liability or culpability by either of the Defendants, and acknowledges further that the remedial steps to be taken herein constitute a satisfactory resolution of the access claims alleged herein.

6.    Fees and Expenses.

Each of the Parties shall bear their own attorneys' fees and costs incurred in connection with or related to the Action not otherwise encompassed by the terms of this Stipulation provided, however, that in the event of breach of this Stipulation, the non-breaching party shall be entitled to collect any fees or expenses incurred, including reasonable attorneys' fees, by reason of any efforts to enforce this Stipulation..

4

7.    Authority.

Each signatory hereto represents and warrants that he/she has full authority to enter into this Stipulation on behalf of that Party.   All references to the Defendants herein shall be deemed to include their successors and assigns.

8.    Governing Law and Jurisdiction.

This Stipulation shall be deemed to be made and entered into in the State of New York, and shall in all respects be interpreted, enforced and governed under the laws of New York. The Parties agree that venue for any litigation brought to enforce this Stipulation shall lie in the United States District Court for the Southern District of New York, or, if that Court refuses to accept jurisdiction, in any court of competent jurisdiction in New York, New York.

9.    Interpretation.

The language of all parts of this Stipulation shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties. This Stipulation has been negotiated by and between the Parties' respective counsel, and shall not be construed against the "drafter" of the Stipulation.

10.    Modification of Stipulation.

This Stipulation may be amended, revoked, changed, or modified only upon a written agreement executed by the Parties. No waiver of any provision of this Stipulation will be valid unless it is in writing and signed by the party against whom such waiver is charged.

11.    Entire Agreement.

This Stipulation sets forth the entire agreement between the Parties hereto, and fully supersedes any and all prior agreements or understandings between the Parties hereto pertaining

5

to the subject matter hereof.

12.     Signatures in Counterparts.

This Stipulation can be executed in any number of counterparts, each of which shall be taken to be one and the same instrument, for the same effect as if the Parties had the same signature page. A facsimile copy, or Adobe PDF, of any party's signature shall be deemed as legally binding as an original signature.

13.     Headings.

The headings of the Sections in this Stipulation have been inserted for convenience or reference only, are not intended to be considered as a part hereof, and shall not modify or restrict any of the terms or provisions hereof.

IN WITNESS WHEREOF, the Parties have hereunder set their hands as of the date set forth below.

Dated: New York, New York
13ᵗʰ OCTOBER , 2017

_Barbara Roldan_
BARBARA ROLDAN

WELL STATED STUDIOS, INC.                    DUANE VENTURES, INC.

By:_____                   By:_____
Name:                                        Name:
Title:                                       Title: _____

So Ordered:                                  Guruwan Seeram 10/13/17
                                             Notary Public State of New York
                                             No. 01SE6071140
                                             Qualified in Queens County
_____                      Commission Expires 03/11/2018
USDCJ

6

to the subject matter hereof.

      12.    <u>Signatures in Counterparts</u>.

This Stipulation can be executed in any number of counterparts, each of which shall be taken to be one and the same instrument, for the same effect as if the Parties had the same signature page. A facsimile copy, or Adobe PDF, of any party's signature shall be deemed as legally binding as an original signature.

      13.    <u>Headings</u>.

The headings of the Sections in this Stipulation have been inserted for convenience or reference only, are not intended to be considered as a part hereof, and shall not modify or restrict any of the terms or provisions hereof.

      IN WITNESS WHEREOF, the Parties have hereunder set their hands as of the date set forth below.

Dated: New York, New York
              , 2017

BARBARA ROLDAN

WELL STATED STUDIOS, INC.       DUANE VENTURES, INC.

By: _____       By: _Greg R_____
Name: ANN BENEDETTO       Name: GREG ROSSI
Title: PRESIDENT       Title: TREASURER

So Ordered:

                    State of New York - _New York_ County
                    Sworn and subscribed on Date _October 10, 2017_
_____       _Greg Rossi_ personally
USDCJ                 appeared before me and took an oath under penalties
                    of perjury that the foregoing statement is true and correct.
                    JONES WING ON CHAN, Notary Public #01CH6324921
                    My Commission Expires _May 18, 2019_

6

EXHIBIT A













EXHIBIT B

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BARBARA ROLDAN,

                    Plaintiff,                                Case No. 17CV1788

          -against-                                           STIPULATION OF
                                                              DISMISSAL
WELL STATED STUDIOS, INC., DUANE OWNERS INC.
and DUANE VENTURES, INC.,

                    Defendants.

---

     Plaintiff and defendants, through their undersigned attorneys, hereby stipulate, pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, and an agreement among them, to the voluntary dismissal of the above-captioned action, without prejudice, and without costs, attorneys' fees, expenses or disbursements to any party as against the other, subject to the terms of the Consent Stipulation.  This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute but one and the same instrument.

Dated:            , 2017

Eustace, Marquez, Epstein, Prezioso & Yapchanyk

By _____          _____
     David S. Kasdan, Esq.                     Donald J, Weiss, Esq.
55 Water Street, 29th Floor                  363 Seventh Avenue
New York, NY  10041                          New York, NY 10001
Attorneys for Defendant                      Attorney for Plaintiff
Duane Ventures Inc.

Law Offices of Nolan Klein

By:_____
     Nolan Klein, Esq.
347 W 36th Street, #805
New York, NY 10018
Attorneys for defendant
Well Stated Studios, Inc.

So Ordered:

_____
USDCJ